1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Nathan Rawls,                     )    CIV 12-1157-PHX-ROS (MHB)
                                        )
10              Petitioner,             )    **REPORT AND RECOMMENDATION**
                                        )
11   vs.                               )
                                        )
12   Chuck Ryan, et al.,                )
                                        )
13              Respondents.            )
                                        )
14   _____   )

15   TO THE HONORABLE ROSLYN O. SILVER, CHIEF JUDGE, UNITED STATES

16   DISTRICT COURT:

17          On May 30, 2012, Petitioner Nathan Rawls, who is confined in the Arizona State

18   Prison Complex-Eyman in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas

19   Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  On September 4, 2012, Respondents filed an

20   Answer (Doc. 16), and on September 19, 2012, Petitioner filed a traverse (Doc. 17).

21                              **BACKGROUND**[1]

22          In July of 1999, Petitioner was indicted for three counts of sexual conduct with a

23   minor under the age of 15 years, one count of molestation of a child under the age of 15

24   years, and one count of kidnapping – all class 2 felonies and dangerous crimes against

25   children.  (Exh. A.)  The claims arose between April of 1997 and April of 1998, when

26

27

28          [1] Unless otherwise noted, the following facts are derived from the exhibits submitted
     with Doc. 16 – Respondents' Answer.

1  Petitioner, on various occasions, placed his penis in the victim's mouth, touched her vagina,

2  and placed his mouth on the child's vagina.  (Exh. A.)

3       Petitioner pled guilty on April 13, 2000, to one count of sexual conduct with a minor,

4  a class 2 felony and a dangerous crime against children (Count I), and one count of attempt

5  to commit sexual conduct with a minor, a class 3 felony and a dangerous crime against

6  children (amended Count II).  (Exhs. B, C.)  Petitioner's plea agreement provided, "[a]s to

7  [C]ount I, the defendant shall be sentenced to prison," and "[a]s to amended Count II, the

8  defendant shall be placed on supervised lifetime probation consecutive to the term of

9  imprisonment imposed on [C]ount I."  (Exh. B.)

10      On May 12, 2000, the trial court sentenced Petitioner to a term of 20 years'

11  imprisonment (Count I), and placed Petitioner on lifetime probation consecutive to the term

12  of imprisonment (amended Count II).  (Exh. D.)

13      Since pleading guilty, Petitioner has pursued 10 Rule 32 proceedings in the Arizona

14  courts – all of which have been dismissed:

15      **1.    First Rule 32 Proceeding**

16      On February 6, 2002, Petitioner filed an untimely notice of post-conviction relief

17  (Exh. F), accompanied by requests for preparation of the post-conviction record and

18  transcripts and minutes of the grand jury proceedings.  (Exhs. G, H.)

19      The superior court dismissed Petitioner's notice as untimely, because it was not filed

20  within the 90-day period imposed by Rule 32.4(a) of the Arizona Rules of Criminal

21  Procedure.  (Exh. I.)  The court stated, in pertinent part:

22      Defendant claims he should be excused from the [Rule 32.4(a)] timeliness
        requirement because "I have contacted [my] attorney and asked him to start the
23      appeals process but as of yet I've gotten no response."  It was defendant's
        responsibility to file a notice of post-conviction relief within the 90-day time
24      period, as he was advised at the time of sentencing and in the Notice of Rights
        of Review After Conviction and Procedure he signed on October 4, 2001.
25      Defendant has not shown that the failure to timely file the notice was without
        fault on his part, as required by Rule 32.1(f).

26

27

28

- 2 -

1   (Exh. I.)[2]  Petitioner did not file a petition for review.

2           **2.      Second Rule 32 Proceeding**

3           Petitioner filed a second a notice of post-conviction relief on October 24, 2002.[3]  (Exh.

4   K.)  The superior court dismissed the second notice finding that it was untimely.  (Exh. L.)

5   The court stated:

6           Defendant now claims he should be excused from the timeliness requirement
            because he was unaware of the ability to file post-conviction relief.  The record
7           shows that defendant was advised at the time of sentencing and in the Notice
            of Rights of Review After Conviction and Procedure he signed on October 4,
8           2001, of his rights to seek post-conviction relief and the 90-day time period.
            Defendant has again not shown that the failure to timely file the notice was
9           without fault on his part, as required by Rule 32.1(f) ... .

10  (Exh. L.)[4]  Petitioner did not file a petition for review.

11          **3.      Third Rule 32 Proceeding**

12          On February 11, 2003, Petitioner filed an "Application to Withdrawal Guilty Plea,"[5]

13  in which Petitioner complained that defense counsel had failed to: (i) "adequately conduct

14  a required 'pretrial investigation' into the 'factual basis' affecting the constitutional rights

17  _____

18      [2]  It appears that the superior court mistakenly cited October 4, 2001, as the date
    Petitioner signed his Notice of Rights of Review After Conviction and Procedure.  The
19  record demonstrates that Petitioner actually signed said document on May 12, 2000 – the date
    Petitioner was sentenced.  (Exh. E.)
20
21      [3]  Before filing the second notice of post-conviction relief, Petitioner filed a document
    entitled "Pleading."  (Exh. J.)  Petitioner's pleading: (i) asked that the superior court dismiss
22  his case with prejudice; (ii) claimed the trial judge had no right to be on his case; and (iii)
    used the words "speedy trial violation," "miscarriage of justice violation," and "statute of
23  limitation."  (Exh. J.)

24      [4]  Again, the date Petitioner signed his Notice of Rights of Review After Conviction
25  and Procedure was May 12, 2000.  (Exh. E.)

26      [5]  On February 20 and 25, Petitioner also filed: (i) a motion to suppress evidence
27  (2/20/03); (ii) a motion to suppress confession (2/20/03); (iii) a motion for change of judge
    (2/25/03); and (iv) a motion to withdraw guilty plea (2/25/03).  (Exhs. O-R.)  The record
28  indicates that the superior court did not rule separately on these motions.

1  of Petitioner during the accusatory stages resulting in Petitioner entering a plea of guilty;"[6]

2  and (ii) raise the State's alleged violations of (a) Petitioner's right to a "speedy trial" under

3  Rule 8, Ariz.R.Crim.P., (b) Petitioner's right to an initial hearing within 24 hours of his

4  arrest, and (c) Petitioner's right to have "all of his original indictments before his plea of guilt

5  was entered were not filed within 5 days after Petitioner's initial hearing while he was in

6  custody." (Exh. M.)

7       On February 14, 2003, the superior court denied the application as untimely, stating:

8       Review of the case history shows that the Defendant's Petition for Post-
        Conviction Relief was dismissed on March 4, 2002, and November 20, 2002.
9       The Defendant's Application to Withdraw Plea is denied as untimely.

10  (Exh. N.) On May 14, 2003, Petitioner filed a petition for special action in the Arizona Court

11  of Appeals, arguing that trial counsel had provided ineffective assistance claiming that:

12  •    The tape-recorded conversation between Petitioner and the victim's father was
        "gathered without an electronic warrant," was obtained without Petitioner's consent,
13      and therefore should have been suppressed.

14  •    Petitioner's confession and statements to the police should have been suppressed
        because they were involuntary.
15

16  •    Petitioner's "speedy trial rights under [R]ule 8.6 were violated."

17  •    The State's witnesses and other evidence against Petitioner should have been
        precluded because they were not timely disclosed by the State.

18  •    Judge Ronald S. Reinstein improperly sat on Petitioner's case.

19  •    The guilty plea proceedings were not recorded "word for word."

20  (Exh. T.) The court of appeals subsequently declined to accept jurisdiction. (Exh. U.)

21       On June 10, 2003, Petitioner filed a delayed motion for an evidentiary hearing, in

22  which he claimed that he had received ineffective assistance of counsel on various grounds,

23  including that counsel failed to pursue the State's alleged violation of Petitioner's right to a

24  "speedy trial," seek suppression of the evidence against Petitioner, and pursue an appeal on

25  Petitioner's behalf. (Exh. S.)

26

27       [6] Specifically, Petitioner complained about defense counsel's alleged failure to
investigate the admissibility of the recorded telephone conversations in which Petitioner
28  apparently confessed.

- 4 -

On July 25, 2003, the superior court denied the delayed motion for an evidentiary hearing and Petitioner's request for appointment of counsel, stating:

> In his Delayed Motion, Defendant raises the issue of ineffective assistance of trial counsel.  In prior rulings of March 4 and November 20, 2002, Judge Thomas O'Toole had dismissed Defendant's Notices of Post-Conviction Relief as untimely with no other basis that supported the failure to file his notices as without fault on Defendant's part.  See Rule 32.1(f), Arizona Rules of Criminal Procedure.
>
> By filing his current pleading, Defendant seeks to circumvent the prior rulings for failure to file a timely Notice of Post-Conviction Relief.  There is no proper action that supports an evidentiary hearing or the appointment of counsel.

(Exh. W.)  Petitioner did not file a petition for review.

**4.      Fourth Rule 32 Proceeding**

October 20, 2003, Petitioner filed another notice of post-conviction relief claiming that he had received ineffective assistance of trial counsel because counsel failed to inform Petitioner of and/or raise various claims, including:

- Petitioner's "speedy trial rights under Rule 8 were violated."

- Petitioner should not have been "tried as an adult."

- All evidence, including the "confrontational call tape" should have been suppressed as having been improperly obtained through "eavesdropping and or wiretapping."

- All evidence, including the confrontation call should have been suppressed because "a copy of the court order to allow the recording of this phone call" was not timely provided to Petitioner.

(Exh. X.)   The superior court dismissed the notice on the grounds that Petitioner's ineffectiveness claim was untimely under Rule 32.4(a) and did not fall within any of the exceptions to the rule.  (Exh. Y.)

On February 17, 2004, Petitioner filed a petition for review in the Arizona Court of Appeals.  (Exh. Z.)  The court of appeals dismissed the petition as untimely on February 20, 2004.  (Exh. AA.)  Petitioner thereafter sought review by the Arizona Supreme Court (Exh. BB), which denied review on July 12, 2004 (Exh. CC).

\\\

\\\

1    **5.      Fifth Rule 32 Proceeding**

2        On March 30, 2007, Petitioner filed an "application to withdrawal [sic] guilty plea,"

3    seeking to withdraw his guilty plea on various grounds, including: (i) defense counsel "failed

4    to adequately conduct a required 'pretrial investigation' into the 'factual basis' affecting the

5    constitutional rights of [P]etitioner, resulting in [P]etitioner entering a plea of guilty;" (ii)

6    counsel failed to raise various constitutional claims on Petitioner's behalf; and (iii)

7    Petitioner's "plea was not voluntarily and intelligently made due to ineffectiveness of

8    counsel." (Exh. DD.)

9        On June 6, 2007, the superior court treated Petitioner's application as a notice of post-

10   conviction relief, and dismissed the notice on the grounds that it was "untimely" and

11   "precluded" under Rule 32.4(a) of the Arizona Rules of Criminal Procedure. (Exh. FF.) The

12   superior court also noted that Petitioner's request to withdraw was based on the "same

13   allegations" as his February 11, 2003, application to withdraw, which the court had

14   previously denied as untimely. (Exh. FF.) Petitioner did not file a petition for review.

15   **6.      Sixth Rule 32 Proceeding**

16       On March 12, 2009, Petitioner filed another notice of post-conviction relief, arguing

17   that "facts exist which establish by clear and convincing evidence that defendant is actually

18   innocent." (Exh. HH.) To his form pleading, Petitioner attached a memorandum in which

19   he claimed that the superior court lacked "subject matter jurisdiction," because of alleged

20   defects in the criminal statutes to which Petitioner pled guilty. (Exh. HH.)

21       On July 9, 2009, the superior court dismissed the notice as untimely. (Exh. II.) The

22   court noted that, although Petitioner framed his claim as one of "newly discovered evidence,"

23   his argument was that the statutes under which he was charged did not have a "valid enacting

24   clause." (Exh. II.) The court concluded that Petitioner failed to meet the requirements for

25   "newly discovered evidence," because any "evidence" regarding the "enacting clause" could

26   have been discovered before Petitioner agreed to plead guilty. (Exh. II.) The court also

27   concluded that "[Petitioner's] claim is more properly characterized as an argument that the

28

Court lacked jurisdiction to impose the sentence, a claim which [Petitioner] cannot [raise] in an untimely Rule 32 proceeding." (Exh. II.)  Petitioner did not file a petition for review.

### 7.    Seventh Rule 32 Proceeding

On July 16, 2009, Petitioner filed another notice of post-conviction relief, reasserting the claims set forth in his previous Rule 32 proceeding. (Exh. JJ.)  In August of 2009, Petitioner filed a motion for notice of status of notice of post-conviction relief, (Exh. KK), followed by a motion to dismiss his criminal case because the "above court lacked jurisdiction" (Exhs. LL).  On October 30, 2009, the superior court dismissed the notice as untimely and precluded – again rejecting Petitioner's claim that his arguments constituted "newly discovered evidence." (Exh. MM.)

Petitioner then filed a "motion for judgment in favor of relief of Defendant's Rule 32 petition for failure of the trial judge and failure of the State to answer the Defendant's Rule 32 petition in a timely manner," alleging that his "6th Amendment rights to due process of the State of Arizona Constitution" had been violated because the court had taken more than 90 days in which to decide his latest notice of post-conviction relief, and the State had not responded within 45 days. (Exh. NN.)  The superior court denied Petitioner's motion on February 9, 2010. (Exh. OO.)

On February 24, 2010, Petitioner filed another pleading entitled "motion for judgment in favor of relief of defendant's notice of post conviction relief petition, for failure of the trial judge and failure of the state to answer defendants notice of post conviction relief petition in a timely manner," (Exh. PP), followed by a pleading entitled "motion for the reconsideration of the Court's decision to deny Defendant's pro per's [sic] motion for judgment in this case," (Exh. QQ).  The superior court denied both motions. (Exh. RR, TT.)  Petitioner did not file a petition for review.

### 8.    Eighth Rule 32 Proceeding

On May 5, 2010, Petitioner filed his eighth Rule 32 proceeding by filing an "Affidavit of Claim," in which he argued that his convictions and sentences were "all unconstitutional under the Arizona Constitution" on the grounds that the superior court lacked "subject matter

jurisdiction" because the relevant criminal statutes did not have an "enacting clause" and a

"title."  (Exh. UU.)  In July of 2010, Petitioner followed his "Affidavit" with:

- A petition for special action complaining that the superior court had failed to dismiss Petitioner's criminal case notwithstanding his "Affidavit of Claim" (Exh. VV);[7] and

- A motion to vacate judgment under Arizona Rules of Civil Procedure 60(c) in which Petitioner again claimed that the superior court lacked subject matter jurisdiction and that the relevant statutes did not have an enacting clause.

(Exh. WW.)

On August 10, 2010, the superior court interpreted Petitioner's motion to vacate

judgment as an untimely petition for post-conviction relief, and dismissed the claim on the

grounds that Petitioner failed to state a claim in which relief could be granted in an untimely

Rule 32 proceeding.  (Exh. XX.)

On September 2, 2010, Petitioner filed a petition for review in the Arizona Court of

Appeals, arguing that his Sixth, Eighth, and Fourteenth Amendment rights were violated by

the superior court's dismissal of his motion to vacate judgment.  (Exhs. YY, ZZ, AAA.)[8]

The court of appeals denied review on April 12, 2012.  (Exh. III.)

### 9.    Ninth Rule 32 Proceeding

On May 19, 2011, Petitioner filed another notice of post-conviction relief, claiming:

> The defendant has just remembered on the date of May 11, 2011, while doing legal studies in the prison library, that newly-discovered evidence occurred on the date in which the defendant was in a court hearing in front of the Hon. Judge Ronald S. Reinstein on April 11, 2000, or on April 12, 2000, or on April 13, 2000.

---

[7]  Despite its caption, Petitioner did not file the above pleading in the Arizona Court of Appeals.

[8]  After Petitioner filed his reply, (Exh. AAA), he filed a petition for review in the Arizona Supreme Court, which was returned to Petitioner because it did not comply with the applicable rules.  Petitioner then filed a pleading entitled "motion to take leave of court to have this court adend [sic] and add claims, arguments, issues, exhibits, and factor, to the petition for review filed in the above court on or around Oct., 27, 2010," (Exh. DDD), and a motion for reconsideration, (Exh. EEE), both of which the court of appeals denied (Exhs. CCC, FFF.)  Petitioner then filed a petition for review in the Arizona Supreme Court, complaining about the court of appeals' denial of Petitioner's motion for reconsideration, (Exh. GGG), which the court denied on July 20, 2011, (Exh. HHH).

(Exh. JJJ.)   Petitioner's notice was accompanied by a request for preparation of post-conviction relief, which claimed: "At [one] of his court hearing[s] ... the defendant told both this judge and his lawyer in the courtroom out loud; that he wanted his lawyer to file his [R]ule 32 appeal for him after he was convicted and sentenced." (Exh. JJJ.)

On June 10, 2011, the superior court dismissed the above notice, stating "it is successive and untimely filed." (Exh. KKK.) The court found that Petitioner's claim did not qualify as newly discovered evidence under Rule 32.1(e), and thus, Petitioner had failed to state a claim upon which relief could be granted "in an untimely Rule 32 proceeding." (Exh. KKK.)

On September 27, 2011, Petitioner filed a "motion to file delayed appeal" in the superior court, claiming that, in the year 2000, Petitioner had stated "he wanted his lawyer to file his [R]ule 32 appeal for him after he was convicted and sentenced." (Exh. LLL.)

On November 15, 2011, Petitioner filed a special action in the Arizona Court of Appeals.   (Exh. MMM.)   Petitioner complained that the superior court was "threatening to hear and rule on or decide on the petitioner's filed notice of post conviction relief," which Petitioner claimed violated his state and federal constitutional rights.  (Exh. MMM.)

On November 18, 2011, the Court of Appeals declined jurisdiction. (Exh. NNN.) On December 6, 2011, Petitioner filed a petition for review and a motion to stay appeal in the Arizona Supreme Court. (Exhs. OOO.) The Supreme Court denied both pleadings. (Exhs. PPP, VVV.)

**10.    Tenth Rule 32 Proceeding**

On November 21, 2011, Petitioner filed his tenth notice of post-conviction relief, making essentially the same argument that he made in his ninth Rule 32 proceeding, i.e., that, in the year 2000, Petitioner had stated in court that he wanted his lawyer "to file his rule 32 appeal for him after he was convicted and sentenced." (Exh. QQQ.)

On December 1, 2011, the superior court dismissed Petitioner's notice on the grounds that it failed "to state a claim for which relief can be granted in an untimely Rule 32 proceeding." (Exh. RRR.) The court stated, "[r]egardless of the truth of the Defendant's

1   statement, he cannot obtain relief pursuant to Ariz.R.Crim.P. 32.1(f)," which is provided to

2   defendants "who are filing their first, or in some cases, second notice of post-conviction

3   relief and is considered to be 'of-right'.  As this is the Defendant's seventh [sic] Rule 32

4   proceeding, it is not 'of right.'" (Exh. RRR.)

5        On December 19, 2011, Petitioner filed a petition for special action in the Arizona

6   Court of Appeals arguing that the superior court "had proceeded in excess of jurisdiction and

7   subject matter jurisdiction and legal authority" by dismissing Petitioner's notice of post-

8   conviction relief, which Petitioner claimed violated his "14th amendment state due process

9   and ... 5th amendment federal due process rights!" (Exh. SSS.)  Petitioner also reasserted the

10  subject matter jurisdiction argument raised in his various prior proceedings.  (Exh. SSS.)

11       The court of appeals dismissed the petition, (Exh. TTT), and Petitioner filed a

12  "petition for review of a special action decision of the court of appeals" by the Arizona

13  Supreme Court, which the court denied on May 9, 2012.  (Exh. VVV.)

14  **DISCUSSION**

15       On May 30, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus.

16  (Doc. 1.)  Petitioner raises one ground for relief, claiming that he was denied his Fifth and

17  Fourteenth Amendment due process rights because the Maricopa County Superior Court and

18  a Maricopa County Superior Court judge "proceeded in excess of jurisdiction and subject

19  matter jurisdiction and legal authority, by hearing and ruling and ordering a decision to

20  dismiss the petitioner's filed notice of post conviction relief."

21       In their Answer, Respondents contend that Petitioner's habeas petition is untimely

22  and, as such, must be denied and dismissed.

23       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

24  statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

25  See 28 U.S.C. § 2244(d)(1).  The statute provides:

26      A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The

27      limitation period shall run from the latest of –

28

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007).  Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review.  See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Id. at 414.

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later.  See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).  An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court.  See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,

1   536 U.S. 214, 223 (2002)).  However, the time between a first and second application for
2   post-conviction relief is not tolled because no application is "pending" during that period.
3   See id.  Moreover, filing a new petition for post-conviction relief does not reinitiate a
4   limitations period that ended before the new petition was filed.  See Ferguson v. Palmateer,
5   321 F.3d 820, 823 (9th Cir. 2003).

6          The statute of limitations under the AEDPA is subject to equitable tolling in
7   appropriate cases.  See Holland v. Florida, ––– U.S. ––, ––, 130 S.Ct. 2549, 2560, 177
8   L.Ed.2d 130 (2010).  However, for equitable tolling to apply, a petitioner must show "'(1)
9   that he has been pursuing his rights diligently and (2) that some extraordinary circumstances
10  stood in his way'" and prevented him from filing a timely petition.  Id. at 2562 (quoting Pace,
11  544 U.S. at 418).

12         Petitioner was sentenced under the plea agreement on May 12, 2000.  Petitioner had
13  90 days to file an "of-right" petition for post-conviction relief pursuant to the Arizona Rules
14  of Criminal Procedure.  See Ariz.R.Crim.P. 32.4(a).  He failed to file a petition within that
15  time period and, thus, the statute of limitations began to run on August 11, 2000 – one day
16  after the 90-day period expired.  The statute of limitations then expired one year later – on
17  August 11, 2001.

18         Petitioner's filed his first petition for post-conviction relief on February 6, 2002 –
19  almost six months after the statute of limitations expired.  Because the statute of limitations
20  had passed by the time Petitioner filed his first petition for post-conviction relief, the petition
21  (or any other post-conviction relief petition filed thereafter) did not toll the limitations period.
22  See Pace, 544 U.S. at 417 (holding that time limits for filing a state post-conviction petition
23  are filing conditions which, if not met, preclude a finding that a state petition was properly
24  filed).  An untimely state post-conviction petition does not restart an already expired statute
25  of limitations.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Petitioner filed the
26  instant habeas petition on May 30, 2012 – over 10 years after the limitations period expired.
27  The habeas petition is therefore untimely.

28

1    The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably

2    tolled because it is a statute of limitations, not a jurisdictional bar.  See Calderon v. United

3    States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other

4    grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).

5    Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control

6    make it impossible to file a petition on time."  Id.; see Miranda v. Castro, 292 F.3d 1063,

7    1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under

8    AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted).  "When

9    external forces, rather than a petitioner's lack of diligence, account for the failure to file a

10   timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v.

11   Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  A petitioner seeking equitable tolling must

12   establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

13   extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.  Petitioner must also

14   establish a "causal connection" between the extraordinary circumstance and his failure to file

15   a timely petition.  See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.

16   2007).

17       Here, Petitioner has not proffered any extraordinary circumstance that would justify

18   equitable tolling.  To the contrary, Petitioner has repeatedly demonstrated his ability to

19   pursue post-conviction relief.  Additionally, Petitioner's *pro se* status, an "inadequate" law

20   library, ignorance of the law, or lack of representation during the applicable filing period do

21   not constitute extraordinary circumstances justifying equitable tolling.  See, e.g., Rasberry

22   v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal

23   sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

24   Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is untimely.

25                                  **CONCLUSION**

26       Having determined that Petitioner's habeas petition is untimely, the Court will

27   recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and

28   dismissed with prejudice.

1    **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of

2    Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

3    **PREJUDICE**;

4    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

5    to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is

6    justified by a plain procedural bar and jurists of reason would not find the procedural ruling

7    debatable.

8    This recommendation is not an order that is immediately appealable to the Ninth

9    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

10   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

11   parties shall have fourteen days from the date of service of a copy of this recommendation

12   within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

13   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

14   days within which to file a response to the objections.  Failure timely to file objections to the

15   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

16   and Recommendation by the district court without further review.  See United States v.

17   Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

18   factual determinations of the Magistrate Judge will be considered a waiver of a party's right

19   to appellate review of the findings of fact in an order or judgment entered pursuant to the

20   Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

21   DATED this 23rd day of October, 2012.

22

23

24   Michelle H. Burns
     United States Magistrate Judge

25

26

27

28