IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Rawls,<br><br>  Petitioner,<br><br>vs.<br><br>Chuck Ryan, et al.,<br><br>  Respondents. | No. CV-12-01157-PHX-ROS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") and Petitioner's objections thereto. For the reasons below, the Court will adopt the R&R.

**A.  Procedural Background**

On May 30, 2012, Petitioner filed his Petition for Writ of Habeas Corpus (the "Petition"). (Doc. 1). The Petition raises one ground for relief, claiming Petitioner was denied his Fifth and Fourteenth Amendment due process rights because the Maricopa County Superior Court "proceeded in excess of jurisdiction and subject matter jurisdiction and legal authority, by hearing and ruling and ordering a decision to dismiss the petitioner's filed notice of post conviction relief." (Doc. 1, at 6). In its Answer, Respondents argue Petitioner's Petition must be dismissed as untimely. (Doc. 16). The Magistrate Judge issued the R&R, recommending the Petition be denied and dismissed with prejudice because Petitioner's claim is untimely. (Doc. 18). Petitioner filed objections. (Doc. 19).

**B.     Analysis**

    **1.     Legal Standard**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).

    **2.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the statute of limitations for federal petitions for writ of habeas corpus by state prisoners. 28 U.S.C. § 2244(d)(1). The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Under Arizona Rule of Criminal Procedure 32, An "of-right" petition for post-conviction review, available to criminal defendants who plead guilty, is a "direct review" under 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction is final when the Rule 32 of-right proceeding concludes or when the time for seeking such review expires. *Id.* A state petition filed after the state time limit is not "properly filed" and, therefore, does not toll the statute of

1  limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). "When a postconviction
2  petition is untimely under state law, 'that [is] the end of the matter' for purposes of §
3  2244(d)(2)." *Id.* at 414.

4  Petitioner was sentenced under a plea agreement on May 12, 2000. Petitioner had 90
5  days to file a Rule 32 "of-right" petition for post-conviction relief. Ariz. R. Crim. P. 32.4(a).
6  Petitioner did not file a Rule 32 "of-right" petition within 90 days. Therefore, the statute of
7  limitations began to run on August 11, 2000, which was the day after the 90-day period
8  expired. The statute of limitations expired one year later on August 11, 2001.

9  On February 6, 2002, nearly six months after the statute of limitations expired,
10 Petitioner filed his untimely petition for post-conviction relief. This petition did not toll the
11 statute of limitations because the statute of limitations had passed by the time the petition was
12 filed. *Pace*, 544 U.S. at 417. Petitioner filed a series of ten post-conviction petitions, none
13 of which restarted the expired statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th
14 Cir. 2001). The instant habeas petition was filed May 30, 2012, over 10 years after the
15 statute of limitations expired. The Petition is untimely.

16 Petitioner does not dispute that his claims were filed after the statute of limitations,
17 but argues the statute of limitations should be equitably tolled. The AEDPA's statute of
18 limitations period may be equitably tolled in appropriate cases. *E.g., Holland v. Florida*, 130
19 S.Ct. 2549, 2560 (2010). Equitable tolling is appropriate when "'extraordinary
20 circumstances' beyond a [petitioner's] control make it impossible to file a petition on time."
21 *Calderon v. United States Dist. Ct. for Cent. Dist. of Calif.*, 128 F.3d 1283, 1288 (9th Cir.
22 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. for Cent.*
23 *Dist. of Calif.*, 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling is only appropriate when
24 "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a
25 petition on time." *Id.* "[T]he threshold necessary to trigger equitable tolling [under AEDPA]
26 is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066
27 (9th Cir. 2002) (citations omitted).

28 To establish equitable tolling, Petitioner must show "'(1) that he has been pursuing

1 his rights diligently and (2) that some extraordinary circumstances stood in his way'" and
2 prevented him from filing a timely petition. *Holland v. Florida*, 130 S.Ct. at 2562 (quoting
3 *Pace*, 544 U.S. at 418). Petitioner must also establish a "causal connection" between the
4 extraordinary circumstance "and his failure to file a timely habeas petition." *Bryant v.*
5 *Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

6 Petitioner argues he "has been pursuing his rights diligently and that extraordinary
7 circumstances exist." (Doc. 19, at 8). Petitioner argues the prison law library is inadequate
8 because it is only open for a few hours per week, Petitioner is in lock down when the library
9 is open (but Petitioner later states he was able to access the law library), books are available
10 on a first-come-first-serve basis, and it has a limited selection of books. Petitioner argues he
11 was forced to obtain legal authority from other inmates who had also filed habeas briefs.

12 Limited access to a law library is not sufficient to establish extraordinary
13 circumstances. *E.g., Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (no equitable
14 tolling where pro se petitioner stated he was ignorant of applicable law); *Hall v. Warden,*
15 *Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011 (pro se status, limited library access,
16 and delayed transcript not extraordinary circumstances requiring equitable tolling); *Baker v.*
17 *Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) (no equitable tolling where petitioner
18 complained of limited access to library); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
19 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary
20 circumstance warranting equitable tolling."). Accordingly, Petitioner is not entitled to
21 equitable tolling. The Petition is time-barred.

22 Because the Petitioner is time-barred, the Court will adopt the R&R and need not
23 address Petitioner's other objections.

24 Accordingly,

25 **IT IS ORDERED** the Report and Recommendation **(Doc. 18)** is **ADOPTED** in full.

26 **IT IS FURTHER ORDERED** the Petition **(Doc. 1)** is **DENIED** and **DISMISSED**
27 **WITH PREJUDICE.**

28 **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed *in*

- 4 -

1  *forma pauperis* on appeal is **DENIED** because the dismissal of the Petition is justified by a
2  plain procedural bar and jurists of reason would not find the procedural ruling debatable.
3        DATED this 4th day of March, 2013.

                                    Roslyn O. Silver
                                    Chief United States District Judge